IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KYLE ROBINSON, et al.,
    Plaintiffs,

v.                                                               Civil Action No. 3:19-cv-239

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,
    Defendant.

## OPINION

In February, 2015, Kristian Helweg struck Kyle Robinson. In October, 2016, Robinson sued Kristian Helweg in state court, alleging various tort claims ("the state court tort action"). The Helwegs sought coverage for the incident under Amy Helweg's homeowner's insurance policy ("the policy"). Nationwide, which issued the policy, denied coverage.

During the state court tort action, the parties stipulated that Kristian Helweg had "accidentally and inadvertently" struck Robinson during the February, 2015 incident. In November, 2017, the state court entered judgment against Kristian Helweg.

In March, 2019, Robinson and the Helwegs (collectively, "the plaintiffs") filed a motion for declaratory judgment in state court, alleging that Nationwide had improperly denied the Helwegs coverage for the February, 2015 incident.[1] Nationwide removed the declaratory judgment action to this Court and filed a motion to dismiss. Nationwide argues that it owes no duty to cover the incident because (1) the Helwegs did not timely notify Nationwide of the incident; (2) Robinson sustained injuries as the result of an intentional act, which the policy excludes; and (3) the incident does not constitute an "occurrence" under the policy. Because the

---

[1] Because the motion for declaratory judgment serves as the operative complaint in this action, the Court will refer to the motion as the "complaint."

plaintiffs plausibly plead facts sufficient to survive a motion to dismiss, the Court will deny Nationwide's motion.

## I. <u>FACTS ALLEGED IN THE COMPLAINT</u>

On February 12, 2015, Kristian Helweg struck Kyle Robinson. At the time of the incident, Kristian Helweg's mother, Amy Helweg, held a homeowner's insurance policy issued by Nationwide. Kristian Helweg lived in his mother's home, and thus, qualified as an insured under the policy.

On March 11, 2015, Kristian Helweg was charged with felony malicious wounding in the Henrico County General District Court ("the criminal charges"). The criminal charges were dismissed on May 12, 2015. On October 25, 2016, Robinson filed the state court tort action against Kristian Helweg, alleging assault and battery and negligent infliction of emotional distress.[2] Robinson served Kristian Helweg with a copy of the state court tort complaint on December 9, 2016. The Helwegs notified Nationwide of the incident and the state court tort action upon receiving the complaint.

Nationwide denied coverage on December 19, 2016, because

> Kristian Helweg's actions on February 12, 2015, did not constitute an occurrence as defined in the policy, and [because] Kristian Helweg's delay in reporting the incident to Nationwide constituted a breach of a condition in the policy requiring the insured to give notice to Nationwide for the incident "as soon as practicable."

(Dk. No. 1-1, ¶ 9.). The letter also notified the Helwegs that it would not pay any judgment that might result from the state court tort action.

The Helwegs hired an attorney at their own expense to represent them in the lawsuit. Before the state court entered judgment, Robinson and Kristian Helweg stipulated that Kristian

---

[2] The complaint states that Robinson filed the state court tort action "on or before December 9, 2016." (Dk. No. 1-1, ¶ 7.) The copy of the state court tort complaint attached to the notice of removal indicates that Robinson filed the state court tort action on October 25, 2016.

Helweg "accidentally and inadvertently" struck Robinson "and 'is liable for injuries directly related to the accident.'" (*Id.* ¶¶ 13-14(a).) Robinson agreed to "never record, enforce[,] or attempt to enforce any judgment" against Kristian Helweg arising from the February 12, 2015 incident. (*Id.* ¶ 14(b).) Kristian Helweg agreed to assign any interest he had to indemnification or coverage for the judgment directly to Robinson, and to assign to Robinson any cause of action Kristian Helweg had against Nationwide for breach of contract for failure to indemnify him.

On November 1, 2017, after a bench trial, the state court entered judgment against Robinson in the amount of $275,000.00 with interest on $154,162.68 in medical bills from February 12, 2015, until paid.

On March 6, 2019, the plaintiffs filed this action in the Henrico County Circuit Court. The plaintiffs allege that the Helwegs' policy covers the February 12, 2015 incident because the Helwegs did not know "or had no reason to know that the occurrence of February 12, 2015[,] was an occurrence reportable under the Nationwide Policy." (Dk. No. 1-1, at 4.) They also allege that the policy covers the February 12, 2015 incident. Nationwide has moved to dismiss for failure to state a claim.

## II. DISCUSSION[3]

Nationwide contends that the Court must dismiss this case for three reasons: (1) the Helwegs failed to notify Nationwide of the incident as soon as practicable, as the policy requires; (2) the policy does not cover the injuries claimed; and (3) the incident does not constitute an "occurrence." Because Nationwide presents substantially similar arguments to support the second and third reasons, the Court considers those two arguments together.

### A. Timely Notification

The policy required the Helwegs to notify Nationwide of any occurrence "as soon as practicable."[4] (Dk. No. 1-1, at 4.; *see also* Dk. No. 4-1, at 29.) When an insurance policy requires a policyholder to give notice of an accident "as soon as practicable," the policyholder must do so "within a reasonable time after the accident." *State Farm Mut. Auto. Ins. Co. v.*

---

[3] A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[4] Because a Rule 12(b)(6) motion gauges the sufficiency of a complaint, courts typically focus only on the complaint, documents attached to the complaint, and documents explicitly incorporated into the complaint by reference when evaluating such a motion. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). In appropriate cases, however, courts may also (1) take judicial notice of public records, such as state court records, and (2) consider documents submitted by the movant if the documents are integral to the complaint and indisputably authentic. *Id.* at 166; *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). Here, the plaintiffs do not dispute the authenticity of the policy attached to the defendant's motion to dismiss, and the policy is integral to the complaint because the claim is based on the duty owed under the policy. Thus, the Court considers the policy and its provisions in this Opinion.

4

*Douglas*, 207 Va. 265, 267, 148 S.E.2d 775, 777 (1966).[5] Generally, a fact finder must decide if a policyholder notified the insurer within a reasonable time when "the facts are disputed or the inferences are uncertain, or when there are extenuating circumstances for the delay." *Id.* The fact finder considers the facts and circumstances of each case. *Id.*; *cf. Mason & Dixon Lines, Inc. v. U.S. Cas. Co.*, 199 Va. 221, 225, 98 S.E.2d 702, 705 (1957) ("Generally, the question of whether notice has been given without unnecessary or unreasonable delay is one of fact for the jury, if there is a dispute or conflict in the evidence with respect to the issue.").

The parties disagree about whether the Helwegs' delay in notifying Nationwide was reasonable. The complaint, however, alleges that the Helwegs notified Nationwide of the incident when Robinson served Kristian Helweg with a copy of the complaint in the state court tort action. Drawing all reasonable inferences in favor of the plaintiffs, the Helwegs' delay does not bar the plaintiffs' claim at this stage. *Cf. Nationwide Mut. Ins. Co. v. Boyd Corp.*, No. 3:09-cv-211-HEH, 2010 WL 331757, at *5 (E.D. Va. Jan. 25, 2010) (holding that a three-month delay between the first threat of litigation and notifying Nationwide of a claim did not warrant summary judgment because "the length of the delay and the questions concerning whether Plaintiff was prejudiced by the delay . . . [did not establish] that the delay was unreasonable as a matter of law"). Although Nationwide points to some cases in which courts found shorter periods of delay unreasonable, those cases do not establish that the Court must dismiss the case.[6] Thus, the Court will not dismiss the action for failure to timely notify Nationwide of the incident.

---

[5] Virginia law governs this action because the policy "was written and delivered in Virginia." (Dk. No. 4, at 7); *see Superformance Int'l, Inc. v. Hartford Cas. Ins. Co.*, 332 F.3d 215, 220 (4th Cir. 2003) ("[B]ecause this case is based on diversity jurisdiction, we apply Virginia law because . . . Hartford issued its policy to Superformance at Superformance's principal place of business in Newport News, Virginia.").

[6] The cases that Nationwide cites in which courts concluded that the policyholder had improperly delayed notifying the insurer did not consider the issue at the motion to dismiss stage.

## B. Covered Injury or Occurrence

Nationwide also argues that the conduct qualifies neither as an injury covered under the policy nor as an occurrence as defined by the policy. The plaintiffs contend that Nationwide has raised questions "better answered after considering all the evidence to be offered." (Dk. No. 9, at 6.)

The policy defines an "occurrence" as "bodily injury or property damage resulting from an accident." (Dk. No. 4-1, at 24.) It excludes "bodily injury or property damage: . . . caused intentionally by or at the direction of the insured, including willful acts the result of which the insured knows or ought to know will follow from the insured's conduct." (*Id.* at 27.)

Occurrences caused by accidents are "synonymous and . . . refer to an incident that was unexpected from the viewpoint of the insured." *Utica Mut. Ins. Co. v. Travelers Indem. Co.*, 223 Va. 145, 147, 286 S.E.2d 225, 226 (1982). "An intentional act is neither an 'occurrence' nor an 'accident.'" *Id.* "An accidental injury is one that 'happen[s] by chance, or unexpectedly; taking place not according to the usual course of things; casual; fortuitous.'" *AES Corp. v. Steadfast Ins. Co.*, 283 Va. 609, 618, 725 S.E.2d 532, 536 (2012) (citation omitted). "[A]llegations of negligence are not synonymous with allegations of an accident." *Id.* at 620, 725 S.E.2d at 537. That does not, however, preclude a finding that negligent acts qualify as "accidents" under an insurance policy. *Cf. id.* ("*In this instance*, the allegations of negligence do not support a claim of an accident." (emphasis added)).

Nationwide urges the Court to ignore the parties' stipulation that Kristian Helweg accidentally and inadvertently struck Robinson. Instead, Nationwide focuses on other facts and circumstances alleged in the complaint and its attached exhibits. Nationwide relies on

6

allegations one plaintiff made against another plaintiff in the state court tort action, the judgment in that action that does not detail the basis for the judgment, and the dismissed criminal charges.

At this stage, the Court cannot find any reason to ignore the stipulation, which the plaintiffs included as part of their complaint. Moreover, although the stipulation appears at odds with allegations in the state court tort action, the complaint in the tort action only detailed one current plaintiff's allegations against one of the other plaintiffs. The Court also cannot conclude that the plaintiffs are judicially estopped from taking the position that Kristian Helweg acted accidentally or inadvertently. Thus, the Court will consider all facts the plaintiffs alleged to determine whether the complaint has "facial plausibility." *Ashcroft*, 556 U.S. at 678.

The complaint and attached exhibits establish that Kristian Helweg struck Robinson. But the remaining allegations—though weak—do not also establish that Kristian Helweg could not have acted inadvertently and accidentally. *See Davis v. Nationwide Mut. Fire Ins. Co.*, 783 F. Supp. 2d 825, 830 (E.D. Va. 2011) ("[W]hen considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail."). Further, Nationwide's arguments rely in part on details and facts not pled in the complaint or included as part of the supporting exhibits. The Court, therefore, cannot consider those details when deciding the motion.

Simply put, the allegations in the complaint and the attached exhibits do not prevent the Court from reasonably inferring that Kristian Helweg acted inadvertently or accidentally.

## III. CONCLUSION

Because the plaintiffs plausibly plead that the Helwegs timely notified Nationwide of the claim and that the incident constitutes an injury and occurrence covered by the policy, the Court will deny the motion to dismiss. The Court does not express any opinion on how it might decide this case on a more complete factual record, either on a motion for summary judgment or a trial on the merits.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 21 January 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge